By the Court.
Two propositions are urged in support of the judgments below:
1. That the surety is entitled to stand upon the letter of his obligation and that, the bond being blank as to the limit of his liability and as to the name of the appellant, it is, as to him, void.
2. That the petition shows that the original suit before the justice was against the Nathan Importing Company and the judgment recovered on appeal was against Charles Nathan doing business as the Nathan Importing Company.
Neither proposition will sustain the judgment. Though it is true that the surety is not to be held beyond the terms of his obligation, the terms of his obligation are found in the stipulation that he did “promise and undertake that the said appellant, if judgment be adjudged against them on the appeal, will satisfy such judgment and costs. ’ ’
The obligation thus expressly assumed is not defeated by the failure to insert a sum which his liability should not exceed. It was competent to identify the appellant by averment in the petition and by evidence if the averment should be denied. This would in no degree enlarge the surety’s express obligation to pay the judgment.

Judgments of the circuit and common pleas courts reversed, and cause remanded to the court of common fleas with instructions to overrule the demv/rrer,